UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20227-CIV-MORENO/SIMONTON

DAVID A. TEJERA,

      Petitioner,

v.

BILL MCCOLLUM, Attorney
General of the State of Florida,

      Respondent.
_____/

### ORDER THAT PETITIONER FILE A REPLY

This matter is before the Court *sua sponte*. David A. Tejera has filed a Petition For Habeas Corpus Pursuant To 28 U.S.C. § 2254, attacking his state conviction (DE ## 1, 2). This matter is referred to the undersigned Magistrate Judge to take all necessary and proper action as required by law (DE # 3). Respondent has filed an opposition (DE # 11). Petitioner has not replied, and the time to do so has run.

The resolution of this case is governed by the standards enacted in the Antiterrorism and Effective Death Penalty Act ("AEDPA") enacted on April 24, 1996, and codified in 28 U.S.C, § 2254(d). Section 2254(d) governs the standard of review of the state court's determination of the issues presented, stating, in pertinent part:

> An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State Court . . . unless adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States . . . .

The United States Supreme Court has established that this statute altered the previous scope of review of state court decisions. *Williams v. Taylor*, 529 U.S. 362 (2000). As

explained by the Court, prior to this amendment, "a federal court should grant a state prisoner's petition for habeas relief if that court were to conclude in its independent judgment that the relevant state court had erred on a question of constitutional law or on a mixed constitutional question." 529 U.S. at 402. Under AEDPA, however, a federal court can grant the writ only if the state court decision was either "contrary to" or an "unreasonable application of" clearly established Supreme Court precedent.

In reviewing the instant petition, the undersigned has noticed that Petitioner has not addressed this standard of review in his memorandum of law supporting his petition.[1]

Therefore, based upon a review of the record, it is hereby

**ORDERED** that on or before December 20, 2007, Petitioner shall file a reply memorandum which: 1) addresses the standard of review laid out in 28 U.S.C. § 2254(d)(1); 2) states how the state court ruling in this case was contrary to or unreasonably applied clearly established Supreme Court precedent and 3) specifically states the United States Supreme Court precedent which the state court ruling was either contrary to or unreasonably applied.

**DONE AND ORDERED** in chambers at Miami, Florida, on December 7, 2007.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The undersigned notes that relief can also be granted if the State court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). This provision does not appear to be applicable to the claims raised in the case at bar since the facts which form the basis for Petitioner's claim are the events that transpired on the record of the trial. If, however, Petitioner intends to rely upon this prong of the statute as a basis for relief, he should include this argument in his reply memorandum.

**Copies furnished to:**
**The Honorable Federico A. Moreno**
   **Chief United States District Judge**
**All counsel of record**