UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20227-CIV-MORENO/SIMONTON

DAVID A. TEJERA,

    Petitioner,

v.

BILL MCCOLLUM, Attorney
General of the State of Florida,

    Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION TO HOLD RULING IN ABEYANCE

Presently pending before the Court is Petitioner's Motion To Hold Court's Ruling In Abeyance Thus Allowing Petitioner To Exhaust Several Constitutional Issues At State Level (DE # 17). This motion is referred to the undersigned Magistrate Judge (DE # 3). The motion has been fully briefed (DE ## 22, 29). For the reasons stated below, the motion is denied.[1]

I. Background

On November 12, 2003, a one-count information was filed in Florida state court charging Petitioner David A. Tejera with second degree murder. On October 22, 2004, after a jury trial, he was convicted of second-degree murder and was sentenced to life imprisonment.

Petitioner then appealed his conviction, arguing that the cumulative effect of

---

[1] A motion to stay proceedings is not, in itself, a dispositive motion, and, therefore, it appears appropriate to enter an Order on the motion, rather than a Report and Recommendation. However, the undersigned recommends that, if an appeal from the Order is filed, the District Court should treat this Order as a Report and Recommendation, subject to *de novo* review, due to the practical effect the Order will have on Petitioner's ability to present his claims in a successive petition under 28 U.S.C. § 2254. *See Hunt v. Pliler*, 384 F.3d 1118 (9th Cir. 2004).

repeated prosecutorial misconduct had denied him a fair trial, in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.  On November 2, 2005, the state appellate court affirmed Petitioner's conviction and sentence without any written opinion, which foreclosed any further review in the state court system.  *Tejera v. State*, 919 So.2d 455 (Fla. 3d Dist. Ct. App. 2006).  On January 6, 2006, the state appellate court denied Petitioner's motion for rehearing, and on January 30, 2006, the state appellate court issued its mandate.

On January 29, 2007, Petitioner, through his counsel, attorney Lawrence Besser, timely filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  In the petition he raised one issue, that he was denied a fair trial in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution due to repeated prosecutorial misconduct at every stage of the trial from voir dire, continuing through opening statement and the case-in-chief, and to closing argument (DE ## 1, 2).

On July 10, 2007, Respondent filed its Answer to the petition (DE # 10).

On December 7, 2007, the undersigned ordered Petitioner, by December 20, 2007, to file a reply in support of the petition which: 1) discussed the standard of review laid out in 28 U.S.C. § 2254(d)(1); 2) stated how the state court ruling in this case was contrary to or unreasonably applied clearly established Supreme Court precedent; and 3) specifically stated the United States Supreme Court precedent which the state court ruling was either contrary to or unreasonably applied (DE # 18).

Also on December 7, 2007, Petitioner filed the instant motion, which included a copy of Petitioner's December 3, 2007 letter to attorney Besser dismissing him as his counsel (DE # 17).

On December 12, 2007, attorney Besser filed a response to the Court's December 7, 2007 Order, the instant motion, and Petitioner's December 3, 2007 letter in which he asked to be allowed to withdraw as Petitioner's counsel, and also requested that Petitioner be allowed a sufficient amount of time to file the ordered reply in support of the Petition (DE ## 18, 19).  On December 14, 2007, the undersigned granted attorney Besser's motion to withdraw, and stated that Petitioner could file a reply in support of the Petition by January 4, 2008, and that Respondent must file a response to the instant motion by December 28, 2007 (DE # 21).

On December 19, 2007, Respondent filed a response in opposition to the instant motion (DE # 22).

On March 4, 2008, Petitioner filed in state court an Amended Petition for Post-Conviction Relief, pursuant to Fla.R.Crim.P. 3.850, which alleged ineffective assistance of counsel and enumerated eight areas of ineffective representation (Ex. A to DE # 29).[2]

On March 19, 2008, Petitioner, after extensions granted by this Court, timely filed a reply in support of the Petition (DE # 29).

On April 3, 2008, Petitioner, after extensions granted by this Court, timely filed a reply in support of the instant motion (DE # 30).

II. Petitioner's Instant Motion

In his motion, Petitioner asks this Court to hold in abeyance its ruling on his petition for habeas corpus, filed pursuant to 22 U.S.C. § 2254.  Petitioner asks that he be

---

[2] Petitioner has alleged that his initial Motion for Post-Conviction Relief was timely filed in State Court on January 30, 2008 (DE # 30 at 4).  That motion is not part of the record in this case, and it is unclear what issues Petitioner initially raised.  However, the contents of the initial motion are not material to the disposition of the presently pending motion.

allowed to 1) exhaust in state court the several constitutional violations occurring in connection with his conviction, and 2) then file an amended § 2254 petition which contains the newly exhausted issues and which relates back to the filing of the presently pending § 2254 petition.

In support thereof, Petitioner contends that attorney Besser, who was retained to represent Petitioner at trial and on appeal, and who filed the presently pending § 2254 petition, provided ineffective assistance of counsel at Petitioner's trial. Specifically, Petitioner contends that at trial, attorney Besser coerced Petitioner to concede his guilt as to all elements of the charge, put on no defense, did not retain an expert witness, did not put on a defense of accident through self-defense, did not object to the state constructively amending the charging instrument and did not allow Petitioner to testify in his own defense. Petitioner further contends that attorney Besser then provided him with ineffective assistance of appellate counsel, raising only one issue on appeal and refusing to raise any other constitutional violations. Petitioner alleges that attorney Besser provided ineffective assistance on appeal to cover up his inadequate representation of Petitioner at trial. Finally, when Petitioner's conviction was affirmed on direct appeal, Petitioner asserts that attorney Besser insisted that Petitioner allow him to file the presently pending § 2254 petition. Petitioner contends that if this motion is denied, he will have lost his due process rights under the 14th Amendment due to attorney Besser's grossly ineffective performance at trial and on appeal (DE # 17).

Respondent opposes the instant motion on the grounds that: 1) Petitioner did not raise any unexhausted claims in his initial, timely filed, § 2254 petition; 2) the limitations period for Petitioner to timely file a § 2254 claim expired eight months before Petitioner filed the instant motion; and 3) the fact that Petitioner filed this motion after Respondent

filed his Answer may indicate that Petitioner is engaging in intentionally dilatory litigation tactics. Respondent also contends that even if Petitioner filed a timely post-conviction motion in state court, any amended § 2254 petition would be untimely as the limitation period for filing such a petition expired in April 2007. Respondent further contends that an amended § 2254 petition filed by Petitioner, which raised for the first time ineffective assistance of counsel, would not relate back to the initial petition as it would assert a new ground for relief supported by facts differing from those set forth in the original pleading (DE # 22).[3]

In reply, Petitioner concedes that his original § 2254 Petition was not a mixed petition containing exhausted and unexhausted claims. Petitioner claims, however, that the instant motion should be granted because he had good cause for not exhausting the issue of ineffective assistance of counsel in that he continued to be represented by the allegedly ineffective counsel, Lawrence Besser. Petitioner claims that attorney Besser was ineffective for 1) exhausting only one issue for federal habeas corpus review and 2) due to his conduct of Petitioner's trial. Petitioner states that as soon as he learned of attorney Besser's deficient actions, he took immediate steps to correct the § 2254 petition by filing the instant motion (DE # 30). Petitioner also contends that on March 14, 2008, he timely filed a Rule 3.850 motion in Florida state court which raised the issue of ineffective assistance of counsel (Ex. A to DE # 29). Petitioner contends that since he has now raised the issue of ineffective assistance of counsel in state court, the newly

---

[3] In its initial response, Respondent also contend that Petitioner did not have a motion for post-conviction relief pending in state court, and that Petitioner had not specified the alleged constitutional violations, so this Court was not able to determine whether Petitioner had any unexhausted, meritorious claims. Subsequently, however, Petitioner filed his post-conviction motion in state court and filed a copy with this Court (Ex. A to DE # 29).

raised issues should be either treated like a mixed petition, or the newly raised issues should be found to relate back to the initial § 2254 petition. Petitioner contends that there would be no additional prejudice to either Respondent or to this Court by allowing him to stay and amend the instant § 2254 petition until the ineffective assistance of counsel issue has been exhausted in state court. Petitioner also contends that the issues he is raising in his Rule 3.850 motion are meritorious, and that he has not engaged in intentional dilatory litigation tactics (DE # 30).

### III. Analysis

Petitioner's motion is denied. Initially, there is no basis to hold Petitioner's § 2254 petition in abeyance while Petitioner exhausts unexhausted claims made in the petition because Petitioner made no unexhausted claims in his § 2254 petition. Moreover, while Petitioner seeks to amend his petition to add the ineffective assistance of counsel claims he is now raising for the first time in state court, these new claims are untimely, and the ineffective assistance of counsel claims do not relate back to the prosecutorial misconduct/denial of due process claims made in the petition.

#### A. There Is No Basis To Hold The Petition In Abeyance So That Petitioner May Exhaust Unexhausted Claims Because The Petition Does Not Contain Any Unexhausted Claims

Petitioner asks this Court to hold his § 2254 petition in abeyance so that he may exhaust in state court his ineffective assistance of counsel claim, and then subsequently move to amend his § 2254 petition with the exhausted ineffective assistance of counsel claim. This request is denied, as this Court does not have the power to abate and stay Petitioner's § 2254 petition, which contains only an exhausted claim, so that Petitioner may attempt to amend his petition at some time in the future with an untimely claim which Petitioner has not yet exhausted.

In *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), the Supreme Court held that a district court has the discretion to grant a stay, and hold in abeyance, a mixed § 2254 petition containing both exhausted and unexhausted claims to allow the petitioner to exhaust the unexhausted claims if the court finds that 1) the petitioner had good cause for failing to exhaust his unexhausted claims; 2) the unexhausted claims are potentially meritorious and 3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *Accord Thompson v. Sec'y for Dept. of Correction*, 425 F.3d 1364, 1365 (11th Cir. 2005).  This Court cannot hold Petitioner's petition in abeyance pursuant to *Rhines v. Weber*, because the initial petition here does not contain any unexhausted claim.  Moreover, as discussed *infra*, permitting an amendment would be futile because it is untimely.

Although Petitioner appears to realized that he must first exhaust his ineffective assistance of counsel claim in state court, he also appears to cite *Edwards v. Carpenter*, 529 U.S. 446 (2000) to support the position that his procedural default for not raising the ineffective assistance of counsel claim at the state level should be excused because he had ineffective assistance of counsel at trial, on appeal and in filing his initial § 2254 petition (DE # 30 at 12).

In *Edwards*, the United States Supreme Court was presented with the issue of whether a federal habeas court is barred from considering an ineffective assistance of counsel claim as "cause" for the procedural default of another claim when the ineffective assistance claim is itself procedurally barred.  The Supreme Court held that "cause" to excuse a procedural default could be established in certain circumstances by counsel's ineffectiveness in failing to preserve the claim for review in state court.  However, the ineffective assistance of counsel claim must first be exhausted in state

court. If the ineffective assistance of counsel claim is also procedurally defaulted, the prisoner may rely upon ineffective assistance of counsel if, and only if, he satisfies the cause and prejudice standard with respect to that claim as well.

Thus, in the case at bar, if Petitioner wishes to rely on ineffective assistance of counsel to establish cause for his failure to raise his ineffective assistance of counsel claim, he must first present that issue to the state court. Petitioner appears to recognize that proposition by filing his post-conviction motion in state court, however, to the extent that he relies on *Edwards* to support the proposition that exhaustion of the ineffective assistance of counsel is not required, his reliance is misplaced.

### B. Petitioner Cannot Amend His Petition To Add The Ineffective Assistance of Counsel Claims Because Any Amendment Would Be Untimely

Next, Petitioner bases his request to abate the present petition on the premise that he will amend his petition to include his new claim once he exhausts his state court remedies as to those claims. Therefore, construing his pro se motion liberally, if Petitioner was permitted to amend his present petition to include the unexhausted claims, this Court could then consider the stay-and-abate procedure permitted by *Rhines v. Weber*. However, such an amendment would be unavailing since the ineffective assistance of counsel claim is untimely under the strictures imposed by AEDPA, and, therefore, cannot be raised.

The limitations period for Petitioner to file a § 2254 petition became final on April 6, 2006, ninety days after the state appellate court denied Petitioner's motion for rehearing, the period during which Petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. *See Nix v. Sec'y for Dept. of Corrections*, 393 F.3d 1235, 1235-37 (11th Cir. 2004)*; Bond v. Moore*, 309 F.3d 770 (11th Cir.

2002).  Therefore, Petitioner had until April 5, 2007 to file a timely § 2254 petition.  On January 29, 2007, within the limitations period, Petitioner, through counsel, filed the pending § 2254 petition, which raised only one issue, prosecutorial misconduct/denial of due process.

It was not until December 4, 2007, almost eight months after the expiration of the § 2254 limitation period, that Petitioner mailed the instant pro se motion, raising for the first time in this case the ineffective assistance of counsel claims.  Therefore, the ineffective assistance of counsel claims are untimely, and cannot be raised in this proceeding unless they relate back to the prosecutorial misconduct/denial of due process claims made in the initial petition.  As set forth below, the ineffective assistance of counsel claims do not relate back.

### C.  Petitioner's Ineffective Assistance of Counsel Claims Do Not Relate Back To the Prosecutorial Misconduct Claim Brought In The Petition Because The Ineffective Assistance of Counsel Claims Arise From Events Separate In Both Time and Type From The Prosecutorial Misconduct Claim

Petitioner contends that his ineffective assistance of counsel claim is not untimely because it relates back to the prosecutorial misconduct/denial of due process claim which he raised in his initial petition.  However, the undersigned finds that Petitioner's ineffective assistance of counsel claim does not relate back to the prosecutorial misconduct/denial of due process claim because the ineffective assistance claim did not arise out of the conduct, transaction, or occurrence set forth in the initial motion, but arose from separate conduct and occurrences in both time and place.

In *Mayle v. Felix*, 545 U.S. 644, 664 (2005), the United States Supreme Court held that an untimely claim made for the first time in a motion to amend a 2254 petition, pursuant to Fed.R.Civ.P. 15(a), is permitted to be raised only if it relates back to the

9

original claim, that is, only if the untimely claim and the original claim are tied to a common core of operative facts, relying on Fed.R.Civ.P. 15(c)(2). In making this finding, the Supreme Court specifically rejected the petitioner's position that any untimely asserted claim that related to the same trial, conviction or sentence as the claim stated in the initial petition related back to the initial claim and was allowable. *Id*. at 662-63.

In *Mayle v. Felix*, the Supreme Court held that the petitioner's claim in his amended petition that inculpatory statements he made in a pretrial interrogation were coerced and should not have been admitted, did not relate back to the claim he made in his initial petition that a videotaped statement of a prosecution witness which inculpated the petitioner should not have been admitted at trial as a prior inconsistent statement, because the new claim was not tied to a common core of operative facts with the claim made in the initial petition. 545 U.S. at 651-52, 663-64.

Petitioner contends that at trial, attorney Besser coerced Petitioner to concede his guilt as to all elements of the charge, put on no defense, did not retain an expert witness, did not put on a defense of accident through self-defense, did not object to the state constructively amending the charging instrument and did not allow Petitioner to testify in his own defense. The ineffective assistance of counsel claims rely on the facts surrounding the trial performance of Petitioner's counsel. The prosecutorial misconduct/denial of due process claim relies on the facts surrounding the trial performance of the prosecutor. Specifically, the initial petition alleged:

> Repeated prosecutorial misconduct commencing with jury selection and continuing through every stage of the trial up to and including closing argument. The prosecutor, in violation of the Petitioner's federally protected due process rights under the Fifth and Fourteenth Amendments continuously and improperly insinuated the element of "rape" into this case, as well as continuously argued facts not in evidence and repeatedly offered her personal opinion as to the Petitioner's guilt.

DE # 1 at 5, para. 12.

Therefore, under the *Mayle* test, the newly raised ineffective assistance of counsel claims are not tied to a common core of operative facts to the prosecutorial misconduct/denial of due process claim made in the original petition, and, thus, do not relate back to the original claim.

Two Eleventh Circuit cases provide further support for a finding that the new ineffective assistance of counsel claims do not relate back to the prosecutorial misconduct/denial of due process claim made in the original petition.

In *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000), the Eleventh Circuit applied the same test that the Supreme Court subsequently announced in *Mayle v. Felix*, *supra*. In *Davenport*, the Eleventh Circuit affirmed the District Court's ruling that the new claims which the movant added in his amended § 2255 motion to vacate conviction were time-barred because they did not relate back to the claims which the movant had raised in his initial motion to vacate, finding that the new claims did not arise out of the conduct, transaction, or occurrence set forth in the initial motion, but arose from separate conduct and occurrences in both time and place. *Id*. at 1346. In his initial motion to vacate, the movant had claimed that:  1) the substance involved was not crack cocaine; 2) his sentence was erroneously based on the weight of the drugs including moisture; 3) the government allowed a witness to perjure himself; and 4) his counsel was ineffective for failing to raise those three issues. *Id*. at 1342-43. In his amended motion to vacate, the movant added three claims that his counsel was ineffective for: 1) allowing the movant to be sentenced based on three grams of cocaine that were not part of the same course of conduct as the other forty nine grams of cocaine; 2) relying on a summary lab report instead of requesting the complete lab report analyzing the three

grams of cocaine; and 3) failing to advise him that a plea agreement might be possible. *Id*. at 1343. The Eleventh Circuit specifically found that for an untimely § 2255 claim to relate back to a timely § 2255 claim, the claims must have more in common than the mere fact that they arose out of the same trial and sentencing proceedings. *Id*. at 1344.

Similarly, in *McLean v. United States*, 2005 WL 2172198 (11th Cir. Sep. 8, 2005) (unpub. order on pet. for reh'g), the Eleventh Circuit found that the movant's amended § 2255 claim that his counsel was ineffective for failing to show him an inculpatory videotape of a drug transaction which would have led the movant to attempt to plead guilty, did not relate back to the movant's claims in his initial § 2255 motion that his counsel was ineffective for failing to: 1) request a new trial based on an improper jury instruction; 2) advise the movant of his right to testify; 3) advise the movant that his wife/co-defendant could invoke her spousal privilege which would have required a severance.

In both *Davenport* and in *McLean*, the Eleventh Circuit found that untimely ineffective assistance of counsel claims raised in motions to amend did not relate back to different ineffective assistance of counsel claims made in the initial motions because the only facts the claims had in common were that the claims arose out of the same trial and sentencing proceedings. It is thus clear that in the instant case the new untimely claim did not relate back to the initial timely claim. Here, unlike in *Davenport* and in *McLean*, Petitioner never raised any ineffective assistance of counsel claim at all in the initial petition, just a prosecutorial misconduct/denial of due process claim. The only facts that the claims here have in common are that they arose out of the same trial and sentencing proceedings. the claims must have more in common than the mere fact that they arose out of the same trial and sentencing proceedings. *See Davenport,* 217 F.3d at

1344.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Motion To Hold Court's Ruling In Abeyance Thus Allowing Petitioner To Exhaust Several Constitutional Issues At State Level (DE # 17), is **DENIED**.

The parties will have ten days from the date of service of this Order within which to appeal this Order to the Honorable Federico A. Moreno, Chief United States District Judge.

**DONE AND ORDERED** in chambers at Miami, Florida, on September 12, 2008.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno
   Chief United States District Judge
All counsel of record and petitioner, pro se